IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

VIRGINIA WATT                                                              PLAINTIFF

V.                                         CIVIL ACTION NO. 1:16-CV-00101-SA-DAS

CITY OF COLUMBUS, MISSISSIPPI                          DEFENDANT

MEMORANDUM OPINION

Virginia Watt filed her Complaint [1] in this Court on June 14, 2016 against her former employer, the City of Columbus, Mississippi. The City filed a Motion for Summary Judgment [7] requesting judgment in its favor on all of the Plaintiff's claims.[1] The Plaintiff responded [10] and the City replied [14], making this motion ripe for review.

*Factual and Procedural Background*

Virginia Watt was a Deputy Municipal Clerk for the City of Columbus, Mississippi for approximately four years. After Watt was indicted by a grand jury and arrested at her workplace for selling narcotics, the City placed her on paid leave for approximately five months.[2] The City terminated the Plaintiff's employment on June 18, 2013. The charges against the Plaintiff were ultimately dismissed on September 15, 2015.

In her complaint, the Plaintiff alleges that the City failed to provide her with the requisite Civil Service System procedures and protections, terminated her because she is a black female, and violated her due process rights. The City responds that the Plaintiff was not a civil service employee, that her race discrimination claim is time barred, and that she failed to state a claim for a due process violation.

---

[1] The Defendant's motion is styled as a Motion To Dismiss For Failure To State A Claim *Or In The Alternative For Summary Judgment*. Because the parties treat the motion as one for summary judgment in their briefs and have submitted some evidence outside the pleadings, the Court construes the motion as one for summary judgment.
[2] The precise date of the Plaintiff's arrest does not appear in the record.

*Standard of Review*

Federal Rule of Civil Procedure 56 governs summary judgment. Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

*Civil Service System*

The Plaintiff alleges that the City had a Civil Service System in effect at the time she was employed, that as a civil service employee she could not be terminated without good cause, and that she was entitled to notice and a hearing before being fired. The City responds that although it did have a Civil Service System, the Plaintiff was not a member of the system, and thus not

covered by civil service protections. The City also argues that the Plaintiff was an at-will employee and that she signed a notice explicitly recognizing her at-will employment status upon hiring. Said notice bearing the undisputed Plaintiff's signature is a part of the record.

The City concedes that it is required by law to adopt a Civil Service System. *See* MISS. CODE. ANN. § 21-31-1. However, the City argues that as a municipal court employee the Plaintiff was not included in the Civil Service System, and was instead an at-will employee. *See* MISS. CODE. ANN. § 21-31-13. The Plaintiff did not respond to these arguments. The Court finds that based on the evidence in the record, the Plaintiff was not covered by the City's Civil Service System, and that she was instead, an at-will employee. Because there is no evidence in the record to support the Plaintiff's claim that she was covered or entitled to civil service protections, summary judgment is appropriate in the City's favor on this claim.

*Race Discrimination*

Next, the Plaintiff claims that she was terminated because she is a black female in violation of her right to be free from race discrimination as guaranteed by 42 U.S.C. § 1981. The Plaintiff further alleges that her claim against the City is authorized under 42 U.S.C. §1983. The City responds by arguing that the Plaintiff's *Title VII* race discrimination claim is time barred because she did not file the requisite charge with the Equal Employment Opportunity Commission, and the time limit for filing such a charge has long since expired. The Court notes that the Plaintiff does not mention Title VII in any of her pleadings.

There are substantive differences between claims brought under Title VII and § 1981. *See Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) (stating that although "the analysis of employment discrimination claims under Title VII and § 1981 is "identical," [. . .] "the only substantive differences" between the two statutes are "their respective statutes of

limitations and the requirement under Title VII that the employee exhaust administrative remedies.") *see also Chen v. Ochsner Clinic Found.*, 630 F. App'x 218, 227 (5th Cir. 2015); *Fonteneaux v. Shell Oil Co.*, 289 F. App'x 695, 698 (5th Cir. 2008). Because the Plaintiff has clearly brought her claim under §1981 and §1983, and not under Title VII, the statute of limitations and exhaustion arguments raised by the City are not applicable. The parties have not briefed or argued the applicable statute of limitations, nor have they briefed the substance of the Plaintiff's discrimination claim. Because as the moving party, the City "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," and it failed to do so, summary judgment is inappropriate on the Plaintiff's discrimination claim. *Celotex*, 477 U.S. at 323, 106 S. Ct. 2548.

*Due Process Violation*

Lastly, the Plaintiff alleges that she was denied "liberty" and due process in violation of the Fourteenth Amendment when she was fired without a hearing "under false circumstances, which infringed her good name and reputation." The Plaintiff seeks relief for these alleged violations under 42 U.S.C. § 1983.

"The right to notice and an opportunity to be heard in this context are procedural requirements rather than substantive due process rights," and "never arise unless the plaintiff can allege some deprivation of liberty or property as set forth in the Fourteenth Amendment." *Hughes v. City of Garland*, 204 F.3d 223, 225 (5th Cir. 2000) (citing *Perry v. Sindermann*, 408 U.S. 593, 92 S. Ct. 2694, 33 L. Ed. 2d 570 (1972); *Wells v. Hico Indep. Sch. Dist.*, 736 F.2d 243, 251 (5th Cir. 1984); *Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 548 (5th Cir. 1989)). A property interest in a benefit such as public employment only exists where a person has "a

legitimate claim of entitlement" to employment, which means "more than an abstract need or desire" or "unilateral expectation" of employment. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972). Any such property will come not from the Constitution but from "existing rules or understandings that stem from an independent source such as state law." *Id.*; *see also Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538–39, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985).

"In Mississippi —when there is no written employment contract— the employment relationship is at-will, which means that an employee may be discharged at the employer's will for good reason, bad reason, or no reason at all, excepting only reasons independently declared legally impermissible." *Galle v. Isle of Capri Casinos, Inc.*, 180 So. 3d 619, 622 (Miss. 2015), *Galle v. Isle of Capri Casinos, Inc.*, – U.S. –, 137 S. Ct. 18, 195 L. Ed. 2d 891 (2016) *reh'g denied sub nom.* (citing *Harris v. Miss. Valley State Univ.*, 873 So. 2d 970, 986 (Miss. 2004); *Shaw v. Burchfield*, 481 So. 2d 247, 253–54 (Miss. 1985)) (internal quotations omitted).

There is no allegation in this case that the Plaintiff had any property interest in continued employment by the City. To the contrary, as noted above, the Plaintiff was an at-will employee. Thus, state law does not serve as a source of a property interest for the Plaintiff's in this case. *Roth*, 408 U.S. at 577, 92 S. Ct. 2701; *Hughes*, 204 F.3d at 225.

In certain circumstances, "where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him," a state's employment decision may implicate a liberty interest. *Hughes*, 204 F.3d at 226 (citing *Roth*, 408 U.S. at 577, 92 S. Ct. at 2707). In such a case, due process requires that the affected employee be given notice of the charges and an opportunity to clear his or her name. *Id*.

The mere "stigma of discharge," or concern about the Plaintiff's "general reputation" is not sufficient to give rise to the required liberty interest. *See Hughes*, 204 F.3d at 226 (stating that plaintiff must allege more than merely the stigma of discharge); *Wells*, 736 F.2d at 256 (stating that mere proof that the employment decision "might make an individual less attractive to other employers does not, by itself, implicate a liberty interest."); *see also Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 878 (5th Cir. 1991)). "[A] constitutionally protected liberty interest is implicated only if an employee is discharged in a manner that creates a false and defamatory impression about him and thus stigmatizes him and forecloses him from other employment opportunities." *Hughes*, 204 F.3d at 226 (citing *White v. Thomas*, 660 F.2d 680, 684 (5th Cir. 1981); *Wells*, 736 F.2d at 256).

This Court "employs a seven-element 'stigma-plus-infringement' test to determine whether § 1983 affords a government employee a remedy for deprivation of liberty without notice or an opportunity to clear her name." *Miller v. Metrocare Servs.*, 809 F.3d 827, 833 (5th Cir.), *cert. denied,* 136 S. Ct. 2463, 195 L. Ed. 2d 801 (2016) (quoting *Bledsoe v. City of Horn Lake, Miss.*, 449 F.3d 650, 653 (5th Cir. 2006); *Hughes*, 204 F.3d at 226).

Accordingly, the plaintiff must show:

> (1) she was discharged; (2) stigmatizing charges were made against her in connection with the discharge; (3) the charges were false; (4) she was not provided notice or an opportunity to be heard prior to the discharge; (5) the charges were made public; (6) she requested a hearing to clear her name; and (7) the employer denied the request.

*Id.* (quoting *Hughes*, 204 F.3d at 226).

Although the Plaintiff has alleged both that she was discharged, and that the charges against her were false, she has not alleged or brought forth any evidence of the remaining five elements. In particular, the Plaintiff has not alleged or brought forth evidence that the City made

any stigmatizing charges against her. *See e.g. Hughes*, 204 F. 3d at 227 (finding that negative comments by 911 operator and police officer about employee could not be ascribed to the City employer). In the instant case, the Plaintiff has not alleged any potentially stigmatizing comments, and the employment decision itself does not implicate a liberty interest. *Id*. at 226; *Wells*, 736 F.2d at 256. Furthermore, the Plaintiff has not alleged that she requested a hearing and that the City denied her request. *See Miller*, 809 F.3d at 833; *Hughes*, 204 F.3d at 226.

Because the Plaintiff failed to demonstrate that she had a property or liberty interest in her employment, and that she was deprived of any such interest in violation of her due process rights, summary judgment is appropriate in the City's favor on all of the Plaintiff's due process claims.

*Conclusion*

For the reasons fully explained above the City of Columbus' Motion for Summary Judgment [7] is GRANTED in part, and DENIED in part. The City's motion is DENIED as to the Plaintiff's claim for intentional discrimination, and GRANTED as to all other claims.

SO ORDERED on this the 24th day of January, 2017

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE